NO. 07-08-0226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2008

_____

VICENTE OCHOA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-06J-146; HONORABLE ROLAND SAUL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Appellant, Vicente Ochoa, plead guilty to felony driving while intoxicated in January 2007 and was placed on community supervision. Appellant's community supervision was revoked in May 2008. He now appeals from the revocation of his community supervision and the resulting sentence of five years in the Institutional Division of the Texas Department of Criminal Justice. The trial court filed its certification representing that appellant has the right of appeal. However, the appellate record reflects that appellant

failed to sign the certification, pursuant to Texas Rule of Appellate Procedure 25.2(d), which requires the certification to be signed by appellant and a copy served on him.[1] *See* Tex. R. App. P. 25.2(d).

Consequently, we abate the appeal and remand the cause to the 222nd District Court of Deaf Smith County for further proceedings. On remand, the trial court shall utilize whatever means it finds necessary to secure and file with this Court a certificate of right to appeal that complies with Rule 25.2(d). *See* Tex. R. App. P. 25.2(d).

If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by November 17, 2008.

It is so ordered.

Per Curiam

Do not publish.

---

[1] Effective September 1, 2007, Rule 25.2(d) was amended to require certifications executed after the effective date to be signed by appellant and a copy served on him. *See* Tex. R. App. P. 25.2(d); *Mason v. State,* No. 07-07-0383-CR, 2008 WL 2221806 (Tex.App.–Amarillo May 29, 2008) (mem. op., not designated for publication).